IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RHETA NEGRETE-NEAL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 2:24-cv-02285-TLP-atc |
| v. | ) | |
| | ) | JURY DEMAND |
| ANTHONY LURASCHI, Executor of the | ) | |
| Estate of John Bellisomi, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS
COMPLAINT

Pro se Plaintiffs Rheta Negrete-Neal, Anna Neal Negrete, Ana Soto, Dolora Hiura, and Randal Robin Negrete sued many Defendants seeking to relitigate the decisions of a probate court about property once owned by their grandfather. (*See* ECF No. 1.) Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Annie T. Christoff to manage all pretrial matters. Plaintiffs amended their Complaint. (ECF No. 44.) Judge Christoff issued a Report and Recommendation ("R&R") recommending that the Court dismiss the Amended Complaint. (ECF No. 61.) In the R&R, Judge Christoff notified the parties that they had 14 days to object to the R&R. None of the parties objected.

In the R&R, Judge Christoff recommends dismissing Plaintiffs' Amended Complaint for lack of subject matter jurisdiction. (*Id.*) For the reasons below, this Court **ADOPTS** the R&R.

## BACKGROUND AND THE R&R

Plaintiff sued here in May 2024.  (ECF No. 1.)  Several Defendants moved to dismiss the Complaint.  (ECF Nos. 19–21, 33, 35.)  The Court ordered Plaintiffs to amend their Complaint and Defendants to respond in July 2025.  (ECF No. 41.)  Plaintiffs waited to amend their Complaint until August 2025.  (ECF No. 44.)  Several Defendants responded by moving to dismiss.  (ECF Nos. 44, 47–49.)  In her R&R, Judge Christoff noted that Plaintiffs are trying to relitigate a probate court decision.  (ECF No. 61.)  She then concluded that both the probate exception to federal jurisdiction and the *Rooker-Feldman* doctrine deprive the Court of subject matter jurisdiction here.  (*Id.*)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If the parties do not object, the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Because no party objects, the Court reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R.  In fact, the Court agrees with her well-reasoned analysis.

2

First, the Court agrees with Judge Christoff that "the precise nature of Plaintiffs' allegations and claims in the Complaint are quite difficult to parse . . . ." (ECF No. 61 at PageID. 377.) "The crux of their case is a challenge to the disposition of various parcels of land located close to the Memphis Airport that were once owned by Frank Bellisomi, who died on October 29, 1996." (*Id.*) But in the Amended Complaint, Plaintiffs clarify somewhat. (*See* ECF No. 44.) Judge Christoff describes the ongoing property dispute in the R&R.

> They contend that, following the death of Frank Bellisomi, John Bellisomi and his attorneys probated Frank's Will in Shelby County in 2006, which resulted in the disputed parcels of property being awarded to John. Over the decades that followed, Plaintiffs allege that John Bellisomi controlled the property and that, following his death in 2020, Defendants conspired to sell the disputed parcels for the benefit of John's heirs beginning in 2021. . . Giving the Amended Complaint the most generous reading possible, Plaintiffs appear to contend that John Bellisomi and the Heir Defendants have been unjustly enriched by the probating of Frank Bellisomi's Will in Probate Court in 2006, which resulted in the disputed parcels of property being awarded to John, and the subsequent muniment-of-title action in 2021, which resulted in the disputed parcels being awarded to the Heir [Defendants]. . . With respect to the Attorney Defendants, Plaintiffs assert that they conspired to obtain these results for John Bellisomi and the Heir Defendants in Probate Court and that the Attorney Defendants breached an alleged duty that they owed to Plaintiffs in these state court proceedings.

(ECF No. 61 at PageID 379–80.) Plaintiffs seek a declaratory judgment determining "what percentages, if any, of the Estate of John Bellisomi must be awarded to Plaintiffs." (ECF No. 44 at PageID 265.) They also seek an implied contract relating to Frank and John Bellisomi's estates and the various periods of ownership of the disputed parcels. (*Id.* at PageID 265–67.) They seek a partition of the disputed parcels without forced sale "according to the respective rights and interests of the parties. . . ." (*Id.* at PageID 273–74.) And they seek damages. (*Id.*)

Judge Christoff is correct that Plaintiffs are trying to relitigate probate proceedings in federal court, which is precluded by both the probate exception to federal jurisdiction and the *Rooker-Feldman* Doctrine.

"The probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Johnson v. Johnson*, 157 F.4th 813, 818 (6th Cir. 2025) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006)).  Judge Christoff explains that "the probate exception does not necessarily apply when the plaintiff adequately alleges *in personam* federal jurisdiction over a defendant that is distinct from the underlying *in rem* state probate matter, but it does apply when the plaintiff seeks *in rem* jurisdiction over the assets of an estate."  (ECF No. 61 at PageID 383.)  And so if it is unclear whether the Court is being asked to exercise *in personam* or *in rem* jurisdiction, the Court must assess "whether the suit 'would require the district court to disturb or affect the possession of property in the custody of a state court.'" *Johnson*, 157 F.4th at 819 (quoting *Wisecarver v. Moore*, 489 F.3d 747, 750 (6th Cir. 2007)).

In the end the Court agrees with Judge Christoff that Plaintiffs here are seeking relief that would "disturb or affect the possession of [the] property." *Id.*  Plaintiffs seek "a declaratory judgment determining 'what percentages, if any, of the Estate of John Bellisomi must be awarded to Plaintiffs' and the partition of the disputed parcels—because '[a]ll the subject property herein belongs to Plaintiffs'—that would 'ascertain[] all rights of the parties' as to the parcels."  (ECF No. 61 at PageID 384 (quoting (ECF No. 44 at PageID 263–73.)).)  The probate exception to federal jurisdiction therefore deprives the Court of subject matter jurisdiction over this case.

"The *Rooker–Feldman* doctrine prohibits federal district courts from 'consider[ing] cases brought by state-court losers complaining of injuries caused by state-court judgments.'" *Harvison v. Little*, No.: 1:22-cv01103-JDB-jay, 2023 WL 3147905, at *2 (W.D. Tenn. Apr. 28,

4

2023) (quoting *Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 455–56 (6th Cir. 2021)).  "To ascertain whether the doctrine applies, the Court 'look[s] to the source of the injury the plaintiff alleges in the federal complaint.'"  *Id.* (quoting *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020)).  As Judge Christoff correctly explains, "[w]hen the claims in a subsequent federal case essentially seek to set aside a state-court judgment and are 'the functional equivalent of an appeal from a state court judgment,' the *Rooker–Feldman* doctrine applies, and the federal court lacks subject matter jurisdiction."  (ECF No. 61 at PageID 387 (quoting *Untied v. CIT Grp. Consumer Fin., Inc.*, 23 F. App'x 233, 234–35 (6th. Cir. 2001).

The Court agrees that "this case is the functional equivalent of an appeal from the Shelby County Probate Court proceedings and an attempt to collaterally attack issues that have been determined by the state court, as Plaintiffs ultimately seek a partition of the disputed parcels and for this Court to effectively re-administer the estates of Frank and John Bellisomi."  (*Id.* at PageID 388.)  Plaintiffs argue that they are co-owners and heirs of the disputed parcels of land. (ECF No. 52 at PageID 336.)  This directly contradicts the 2006 Shelby County Probate Court ruling on Frank Bellisomi's will and the 2021 ruling on John Bellisomi's will.  (*See* ECF No. 44; ECF No. 58 at PageID 363–66.)  The correct avenue of relief for Plaintiffs was a direct appeal of the probate court decisions within the state court system, not inviting this Court to sit as a state appellate court.  Thus *Rooker-Feldman* doctrine also deprives this Court of subject matter jurisdiction over this case.

With the above in mind, the Court agrees with Judge Christoff that this Court lacks subject matter jurisdiction over this case.  And having found no clear error, the Court **ADOPTS** the R&R recommending dismissal of this action.

**CONCLUSION**

The Court has reviewed Judge Christoff's R&R and finds no clear error. And so the Court **ADOPTS** the R&R. Accordingly, the Court **DISMISSES** Plaintiffs' claims **WITH PREJUDICE**.

**SO ORDERED**, this 26th day of March, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE